IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHANNON S. DAVIS                                                                                   PLAINTIFF

vs.                                        Civil No. 4:20-cv-04060

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Shannon S. Davis ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed her disability applications on May 3, 2017. (Tr. 45). In these applications, Plaintiff alleges being disabled due to knee problems. (Tr. 289). Plaintiff alleges an onset date of March 14, 2017. (Tr. 45). These applications were denied initially and again upon reconsideration. (Tr. 200-214).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself not the ECF page number.

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on these applications, and a hearing request was granted. (Tr. 127-155). On February 6, 2019, the SSA held an administrative hearing in Texarkana, Arkansas. *Id.* At this hearing, Plaintiff was present but was not represented by counsel. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Rue testified at the administrative hearing in this matter. *Id.*

On October 30, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 42-60). The ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2022. (Tr. 48, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 14, 2017, her alleged onset date. (Tr. 48, Finding 2). The ALJ found Plaintiff had the following severe impairments: right knee partial meniscectomy, left knee small tears with partial medial meniscectomy, plantar faciitis, right left peripheral neuropathy, and obesity. (Tr. 48-49, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 49, Finding 4).

The ALJ determined Plaintiff was forty-one (41) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c), on her alleged disability onset date. (Tr. 54, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 54, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 49-53, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). She could occasionally climb ramps and

2

> stairs; occasionally climb ladders, ropes and scaffolds; occasionally balance, kneel, crouch, crawl; and frequent left overhead reaching.

*Id.*

The ALJ evaluated her Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 53, Finding 6). This included her PRW as a child-care worker, janitor, and waitress. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 54-55, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as an addressing clerk (sedentary, unskilled) with 81,300 such jobs in the national economy; telephone order clerk (sedentary, unskilled) with 190,390 such jobs in the national economy; and charge account clerk (sedentary, unskilled) with 192,360 such jobs in the national economy. (Tr. 54-55). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from March 14, 2017 (alleged onset date) through the date of the ALJ's decision or through November 4, 2019. (Tr. 55, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On July 16, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-5). On August 4, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 4, 2020. ECF No. 5. This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.   **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 15. Specifically, Plaintiff raises two arguments for reversal: (A) the ALJ erred in finding she retained the capacity to perform frequent left overhead reaching; and (B) the ALJ erred in finding she retained the ability to occasionally climb ramps and stairs, ladders, ropes, and scaffolds. *Id.* The Court will address these arguments for reversal.

In raising these claims, Plaintiff argues the ALJ erred in assessing her RFC. ECF No. 15 at 1-15. In assessing a claimant's RFC, it is the ALJ's responsibility to base that determination upon "all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. First, as for her alleged shoulder limitation, and upon review of the record and the

ALJ's RFC finding, Plaintiff has not demonstrated she is unable to perform "frequent left overhead reaching" as assessed by the ALJ.

Second, as for her alleged limitation in climbing, Plaintiff claims the ALJ erred by finding she could "occasionally climb ramps and stairs" and could "occasionally climb ladders, ropes and scaffolds." Upon review, however, even if this claim is merited, it does not offer a basis for reversal. The jobs identified by the VE at Step Five of the Analysis are all clerk positions which require no climbing. (Tr. 54-55, 152). *See* United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. Rev. 1991) (DOT) § 209.587-010 (addresser), § 209.567-014 (order clerk), and § 205.357-014 (charge account clerk). Thus, Plaintiff has offered no basis for reversal on this issue.

As a final point, Plaintiff appears to argue the ALJ erred in assessing her impairment of fibromyalgia and in assessing her impairments under the Listings. As for her fibromyalgia claim, Plaintiff has not even demonstrated she was actually diagnosed with fibromyalgia. (Tr. 28, 459). Instead, her doctor said there was a "likelihood" she had fibromyalgia. (Tr. 28). Apart from a check-list form from her doctor, there has also been no demonstration of restrictions due to fibromyalgia. This form is dated December 3, 2019, which was over one month after the ALJ entered her disability determination, and is outside the relevant time-period. (Tr. 8-11).

As for her claim regarding the Listings, Plaintiff provides no analysis or briefing in support of her claim. As such, her claims should be rejected. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (recognizing "[w]e reject out of hand Vandenboom's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Vandenboom provides no analysis of the relevant law or facts regarding these listings").

**4.     Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the

ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of March 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE